UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

ANTONIO M. ERVIN                 PLAINTIFF

v.              CIVIL ACTION NO.1:13CV-P104-M

SOUTH CENT. KY. CMTY. COLL. *et al*.         DEFENDANTS

## MEMORANDUM OPINION

*Pro se* Plaintiff, Antonio M. Ervin, proceeding *in forma pauperis*, has filed a complaint and two amendments (DNs 1, 13 & 14). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

### I.

Plaintiff brings this action against three Defendants: (1) South Central Kentucky Community College [SCKCC]; (2) Phillip W. Neal, the Provost of SCKCC; and (3) "2nd unknown employeer." It appears that Plaintiff desires to bring this action against the individuals in both their individual and official capacities. The relief Plaintiff seeks is monetary damages for "my worring/Brech of trust," "my identity Ben leak also my confidentially," and "Pain and Suffering, on top of wat an already goin threw." Plaintiff also seeks "the indenitity of the other employer who receive my personal information."

In his amendment to the complaint which includes the most detailed statement regarding the facts about which he complains (DN 14), Plaintiff states as follows:

> On May 16, 2013 I Antonio Ervin received a document from Southcentral Kentucky Community and Technical College stateing "that they are comitted to protecting my privacy. Furthermore Southcentral Kentucky Community and Technical College allowed one of their employee account become compromised. Therefore my personal Information including my name, Social Security number, test scores, Credit Card number were obtained by another employee email. Kentucky Community and Technical College Informed me that I Should contact the Credit-reporting agecies and place a "Fraud Alert on my Credit bureau account. In Observation my personal information is at risk of Indenitiy theft due to the action of The Kentucky Community and Technical College.

Plaintiff further states that even though SCKCC stated they were committed to protecting his privacy, "that didn't happan" (DN 13). He states that he feels SCKCC could have done "a Better Job of protecting my personal informaion which Is very valuable to me" (DN 13).

Plaintiff has filed a copy of the May 16, 2013, document to which he refers. This letter indicates that it is from Southcentral Kentucky Community and Technical College [College] and is signed by Phillip W. Neal, Provost. The letter is addressed to "Dear Sir or Madam." The letter assures Plaintiff that the College goes "to great lengths to assure that [his] personal information is secure." Thereafter, Defendant Neal states, "However, we just learned that one of our employee user accounts was compromised. Your personal information was found in a document in the employee's email." The letter goes on to state the information the document contained, Plaintiff's name, social security number, and test score, and encourages him to place a "Fraud Alert" on his credit bureau account.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

2

from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff brings this action under 42 U.S.C. § 1983. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff states that "his privacy was violated." Further, the May 16, 2013, letter to Plaintiff indicates that Plaintiff's "[n]ame, social security number, and test score . . . could possibly have been seen by another . . . ." Essentially, Plaintiff is complaining that his private information may have been viewed by people unauthorized to view it, thus placing him at risk of identity theft. A claim in which allegedly protected private information is improperly released to others is often referred to as an informational-privacy interest claim. Initially, the Court notes that, unlike informational-privacy interest claims, the facts presented by Plaintiff state only that there is the possibility that his information has been viewed by an unauthorized viewer. Further, according to the complaint and amendments, there appears to be no allegation that Defendants have willingly provided Plaintiff's information to another. However, given the Court's responsibility to view the complaint in the light most favorable to Plaintiff, the Court will presume, but not decide, that Plaintiff alleges an informational-privacy interest claim. Even so

presuming, Plaintiff fails to allege the violation of a right secured by the Constitution or laws of the United States.

Plaintiff fails to state a claim under the Privacy Act, 5 U.S.C. § 552a, because the Sixth Circuit has held that the Privacy Act only applies to federal agencies. *Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005). As a constitutional claim, his action also fails. The Sixth Circuit has recognized "an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature." *Wiles v. Ascom Transp. Sys., Inc.*, 478 F. App'x 283, 295 (6th Cir. 2012) (citations omitted). The facts set forth by Plaintiff do not fall into either of these two instances. Further, the Constitution does not provide Plaintiff a right to privacy in his social security number or the other information he alleges may have been improperly released. *See Paul v. Davis*, 424 U.S. 693 (1976) (finding that the police chiefs' actions of distributing a flyer captioned "Active Shoplifters" which contained plaintiff's photograph and name did not violate any constitutional right to privacy); *Lambert v. Hartman*, 517 F.3d 433, 445 (6th Cir. 2008) (finding that the Clerk of Court's providing of "unfettered internet access to people's Social Security numbers was unwise," but not unconstitutional); *Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) ("We also agree . . . that the Constitution does not provide a right to privacy in one's SSN. Like the Seventh Circuit and other federal courts to address this question, we decline to expand the constitutional right to privacy to cover the collection of SSNs.") (citing *McElrath v. Califano*, 615 F.2d 434, 441 (7th Cir. 1980) and *Doyle v. Wilson*, 529 F. Supp. 1343, 1348 (D. Del. 1982)).

For these reasons, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date: October 3, 2013

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                                 **United States District Court**

cc:       Plaintiff, *pro se*
           Defendants
           General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.003